UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chasako Glanton, # 231097, | ) C/A No. 5:13-802-RMG-KDW |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Warden Leroy Cartledge, | ) |
| Respondent. | ) |
| | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the court pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

This is an initial § 2254 Petition submitted by a state prisoner who was convicted of murder, armed robbery, and firearm charges in Aiken County in 1996. Initial review of the Petition reveals that Chasako Glanton ("Petitioner") completed his state court remedies in 1999, but did not file a federal § 2254 petition until now. Citing to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), Petitioner asserts that his Petition is timely because the United States Supreme Court only recently allowed the use of Post Conviction Relief ("PCR") ineffectiveness claims in support of procedural default situations (failure to raise points as requested) in § 2254 cases, and he is now only raising PCR counsel ineffectiveness points.

**INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## DISCUSSION

The habeas corpus Petition filed in this case should be dismissed as untimely. Specifically, Petitioner's submission should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA. One of the changes made by the AEDPA was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[1] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the <u>latest</u> of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered

---

[2] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. *Duarte v. Hershberger*, 947 F. Supp. 146, 148 n.2 (D.N.J. 1996).

>   through the exercise of due diligence.
>
>   (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2) (emphasis added).

As stated under the "Background" section above, Petitioner was convicted in 1996 and completed his state court remedies with the conclusion of his PCR appeal in 1999. However, he did not file a federal § 2254 petition until now, 14 years later. Petitioner attempts to rely on the recent United States Supreme Court case of *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to save his Petition from summary dismissal. Petitioner asserts he was prevented from bringing his present claims of ineffectiveness of counsel by previously existing law, which is now changed by *Martinez*. Although it is not stated clearly, it appears that Petitioner relies on § 2244(d)(1)(C) as the basis for his "new law" timeliness argument. This contention was found unavailing in *Coleman v. Sauers*, Civ. A. No. 12–2725, 2012 WL 4206287, *3 n.7 (E.D. Pa. July 26, 2012) ("Because *Martinez* did not purport to describe a constitutional right, let alone make it retroactively applicable, the alternate start date under Section 2244(d)(1)(C) cannot apply to render this Petition timely filed."). That holding was confirmed by the same federal court recently and by the Middle District of Florida. *Brown v. Kerestes*, No. 12–3750, 2013 WL 444672 (E.D. Pa. Feb. 06, 2013) (§ 2254); *Gamboa-Victoria v. United States*, Nos. 8:12–cv–2517–T–24–EAJ, 8:09–cv–1536–T–24–EAJ, 2012 WL 5449999 (M.D. Fla. Nov. 7, 2012) (§ 2255).

>   In the case of *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held:
>
>   Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism. *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398,

> 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
>> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
>  *Id*.
>    . . . .
>
> Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.'" *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

*Id*. at 246-47. Petitioner does not assert any clear claim for equitable tolling except for his proposition that he was only recently authorized to bring the ineffective assistance of counsel claims made in this case by the *Martinez v. Ryan* case. Pet. 14-15, ECF No. 1. Because *Martinez* has not been made retroactive and applicable to cases such as Petitioner's, whose conviction became final over 14 years ago, Petitioner's citation to *Martinez* shows no extraordinary circumstances to warrant equitable tolling. Accordingly, it is clear from on the face of the pleading that Petitioner's Petition is barred by the statute of limitations. *See Day v. McDonough*, 547 U.S. 198 (2006) (*sua sponte* dismissal

appropriate when untimeliness is clear on the face of the pleading).

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

May 13, 2013                                       Kaymani D. West
Florence, South Carolina                 United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).