IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Chasako Glanton, | ) |
|     Petitioner, | ) C/A No. 5:13-802-RMG |
| v. | ) **ORDER** |
| Warden Leroy Cartledge, | ) |
|     Respondent. | ) |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that this Court dismiss Petitioner's § 2254 petition without prejudice. For the reasons stated below, the Court agrees with and adopts the R&R as the order of the Court.

## Background

In 1996, Petitioner was convicted of armed robbery, murder, and firearm charges. (Dkt. No. 18 at 1). Petitioner completed his state court remedies in 1999. (*Id.*). On March 20, 2013, Petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C § 2254, asserting ineffective assistance of counsel by his post-conviction relief attorney. (Dkt. No. 1). This matter was referred to a Magistrate Judge in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for all pretrial proceedings. The Magistrate Judge reviewed the petition under 28 U.S.C. § 1915 and the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and filed an R&R on May 13, 2013, recommending that the petition be dismissed without prejudice. (Dkt. No. 18). Petitioner filed no timely objections to the R&R.

1

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of Petitioner's *pro se* status. This Court is charged with liberally construing the pleadings of a *pro se* litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## Law/Analysis

The Magistrate Judge liberally construed the pleadings, accurately summarized the law, and correctly concluded that the Court should dismiss this § 2254 petition because it was not filed within the AEDPA's one-year statute of limitations. 28 U.S.C § 2244(d)(1)(A). While the AEDPA is subject to equitable tolling, it applies only where "(1) extraordinary circumstances, (2) beyond [Petitioner's] control or external to his own conduct . . . prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246-47 (4th Cir. 2003). Petitioner does not present any circumstances justifying equitable tolling. Petitioner simply claims he was only recently authorized to bring the ineffective assistance of counsel claim by *Martinez v. Ryan*, 132 S. Ct.

1309 (2012).[1] However, *Martinez* neither created a new constitutional right nor made one retroactively applicable to Petitioner's case, whose conviction became final fourteen years before he filed this § 2254 petition. *See Coleman v. Sauers*, No. 12-2725, 2012 WL 4206287, at *3 n.7 (E.D. Pa. July 26, 2012) (finding that *Martinez* did not describe a constitutional right or "make it retroactively applicable"). Since Petitioner fails to demonstrate any other basis for equitable tolling, the § 2254 petition is dismissed as untimely.

## Conclusion

After review of the record and the R&R, this Court finds that the Magistrate Judge accurately applied the law to the facts of this case. Therefore, the Court adopts the R&R as the order of this Court. (Dkt. No. 18). Accordingly, the Court **DISMISSES** Petitioner's petition for writ of habeas corpus without prejudice.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

---

[1] Petitioner appears to rely on 28 U.S.C. § 2254 (d)(1)(C), which provides that the limitation period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

_____
The Honorable Richard Mark Gergel
United States District Court Judge

July 15, 2013
Charleston, South Carolina